UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD MARTIN,

        Plaintiff,

v.                                                          Case No.  8:16-cv-3498-T-27AEP

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.     Procedural Background**

Plaintiff filed an application for SSI (Tr. 161–66).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 85–87; 92–96).  Plaintiff then requested an administrative hearing (Tr. 98–100).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35–66).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17–34).  Subsequently, Plaintiff requested review from the Appeals Council, which

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning January 1, 2013 (Tr. 20). Plaintiff has a high school education (Tr. 28). Plaintiff has no past relevant work experience (Tr. 28). Plaintiff alleged disability due to degenerative joint disease and lumbar spine disorder (Tr. 25).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 5, 2013, the alleged onset date (Tr. 22). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease and lumbar spine disorder (Tr. 22). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work [2] except that Plaintiff is limited to occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. However, Plaintiff must avoid climbing ladders, ropes, and scaffolds. Plaintiff is also limited to occasional pushing and pulling with the lower left and right extremities to include the operation of foot pedals. In addition, Plaintiff is also limited to occupations that do not require exposure to dangerous machinery and

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. 20 CFR 416.967(b).

2

unprotected heights (Tr. 24).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible (Tr. 25).

Plaintiff was fifty (50) years old at the time of filing his disability application. Plaintiff's age makes him an individual closely approaching advanced age for purpose of his disability application pursuant to 20 C.F.R. § 416.963 (Tr.  28).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as office helper, cashier, chambers maid  (Tr. 29).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review,

3

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

4

reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by giving little weight to the medical source statement prepared by David U. Arango. M.D ("Dr. Arango"), who according to Plaintiff's Reply Brief (Doc. 19), should be considered as Plaintiff's treating physician. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

    **a.**     **Evaluation of Medical Opinions.**

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). Typically, the ALJ must afford the testimony of a treating physician or treating source substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not

5

bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The Social Security Regulations defined a "treating source" as"

> [Plaintiff's] own acceptable medical source who provides [Plaintiff], or has provided [Plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [Plaintiff]. Generally, [the ALJ] will consider that [Plaintiff has] an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that [Plaintiff] see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [Plaintiff's] medical condition(s). [The ALJ] may consider an acceptable medical source who has treated or evaluated [Plaintiff] only a few times or only after long intervals (e.g., twice a year) to be [Plaintiff's] treating source if the nature and frequency of the treatment or evaluation is typical for [Plaintiff's] condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

20 C.F.R. § 416.927 (2). The ALJ, however, need not defer to the opinion of a physician who conducted a single examination because that physician is not a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). *See also*, *Coheley v. Soc. Sec. Administration*, 16-17523, 2017 WL 3912492, at *3 (11th Cir. Sept. 7, 2017) (stating that a physician who examined the claimant only twice, was no treating physician; and his opinion was unentitled to deference by the ALJ); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (stating, "[t]he ALJ does not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician.") (citation omitted); *Crawford*, 363 F.3d at 1160 (concluding that the ALJ correctly found that, because the medical practitioner examined the plaintiff on only one occasion, the medical practitioner's opinion was not entitled to great weight) (citation omitted)

Here, the ALJ's decision to give little weight to Dr. Arango's medical source opinion is supported by substantial evidence. First, the record establishes that Dr. Arango examined Plaintiff during one occasion on April 10, 2015. In this visit, Dr. Arango diagnosed Plaintiff with a possible lumbar spine strain and left leg radiculitis and ordered an MRI to determine possible treatment options (Tr. 249). Despite the fact that Plaintiff obtained an MRI, no treatment plan is found on the record. For example, during the initial consultation, Dr. Arango suggested to treat Plaintiff's apparent lumbar spine injury and leg radiculitis with epidural steroid injection (Tr. 250). However, the record does not show that Plaintiff underwent epidural steroid injection or any other treatment recommended by Dr. Arango. Indeed, no record is found of a follow up visit to Dr. Arango after Plaintiff obtained an MRI.[3] Based on the evidence of record, Plaintiff and Dr. Arango's treatment relationship is precarious and limited to a one-time medical examination (Tr. 248–250). Therefore, the ALJ correctly found that Dr. Arango's opinion was not entitled to any deference or significant weight. *See McSwain*, 814 F.2d at 619; *Coheley,* 2017 WL 3912492, at *3; *Denomme,* 518 F. App'x at 877; *Crawford*, 363 F.3d at 1160.[4]

Furthermore, even if Dr. Arango were to be considered a treating physician, the ALJ's decision to give little weigh to Dr. Arango's opinion is harmless. The ALJ is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). By giving great weight to the opinion of David Marshall Katz, M.D ("Dr. Katz"), the ALJ indirectly found Dr. Arango's opinion contrary to the evidence

---

[3] Dr. Arango noted in his medical source opinion that a second visit took place on August 22, 2015 (Tr. 255). However, no record is found of this visit.

[4] The length of the medical treatment between Plaintiff and Dr. Arango, together with Plaintiff's lack of medical history previous to his application for disability benefits (Tr. 43), suggest that Plaintiff visited Dr. Arango with the sole purpose of obtaining an opinion in support of his disability claim. As such, the ALJ's decision to consider Dr. Arango's opinion as that of a nontreating physician is well received by the Court. 20 C.F.R. § 416.927(2).

of record.  For example, Dr. Arango opined that Plaintiff's pain was severe enough to interfere with the level of attention and concentration needed to perform simple work tasks on a frequent basis. Further, Dr. Arango opined, based on a positive straight leg raising test,[5] that Plaintiff was able to stand or walk for about two hours and sit for at least six hours in an eight hour work day (Tr. 257).  Similar to Dr. Arango, Dr. Katz found that Plaintiff suffered from back pain, right knee pain, and hip pain secondary to degenerative joint disease and traumatic episodes (Tr. 228).  However, Dr. Katz found that Plaintiff's musculoskeletal findings were normal, and the straight leg raising test was negative bilaterally.  Dr. Katz's findings are supported by Plaintiff's activities of daily living as testified on the record including his ability to ride a bike, clean his home, carry groceries, walk, and work at a flea market (Tr. 46, 50–51, 57, 229). Additionally, the opinion of Huey Metts, ARNP, supports Dr. Katz's findings.  Specifically, Mr. Metts found that Plaintiff's physical examination was unremarkable and that Plaintiff's straight leg raising test was negative bilaterally (Tr. 241).  In brief, the ALJ's decision to give little weight to Dr. Arango's opinion is supported by substantial evidence, therefore, it is recommended that the ALJ's decision be affirmed.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

   1.  The decision of the Commissioner be **AFFIRMED.**

   2.  The Clerk be directed to enter final judgment in favor of the Commissioner and close the case.

---

[5] This test, however, is not specifically discussed in Dr. Arango's medical notes. Indeed, Dr. Arangon's medical notes on record make no reference to such test. *See* (Tr. 249–250). Nonetheless, Dr. Arango cites this test as a basis for providing Plaintiff's Residual Functional Capacity opinion (Tr. 255).

IT IS SO REPORTED in Tampa, Florida, on this 22nd day of January, 2018.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:   Hon. James D. Whittemore
      Counsel of Record