# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DONALD MARTIN,**

    **Plaintiff,**

v.                                                                             Case No: 8:16-CV-3498-T-27AEP

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security,**

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 20), recommending that the Commissioner's decision denying Plaintiff's claim for supplemental security income be affirmed. Plaintiff filed objections (Dkt. 21), to which Defendant responded (Dkt. 22). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. *Id.*; FED. R. CIV. P. 72(b)(3).

After a review of the findings to which no objection has been made for plain error and a *de novo* review of the legal conclusions, I agree with the Magistrate Judge that the Administrative Law Judge ("ALJ") applied the correct legal standards and his decision is supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

## I.     PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's finding that Dr. Arango was not a treating

physician and that the ALJ's decision to give little weight to Dr. Arango's opinion is supported by substantial evidence.

## II. STANDARD

An administrative law judge's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the administrative law judge, however, are reviewed *de novo*. *Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III. DISCUSSION

There is a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step asks whether, based on the claimant's residual functional capacity ("RFC") assessment, the claimant can perform any of her past relevant work despite the limitations caused by her impairments. *Id.* At the fourth step, the administrative law judge considers "all the

relevant medical and other evidence" in the case record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The claimant bears the burden of establishing that he cannot perform her past relevant work based on her RFC. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant establishes that he cannot perform his past relevant work, the burden shifts to the administrative law judge at the fifth step to determine whether there are significant numbers of other jobs in the national economy the claimant can perform, given his RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178; *Jones*, 190 F.3d at 1228.

The ALJ determined, as to steps one through three, that Plaintiff had not been engaged in substantial gainful activity since December 5, 2013, the alleged onset date, and he has severe impairments including degenerative joint disease and lumbar spine disorder, but his impairments do not meet or medically equal the severity of listed impairments (Tr. 24). The ALJ further concluded at step four that Plaintiff has the residual functional capacity (RFC) to perform light work, with some limitations. (Tr. 24). Based on Plaintiff's age, education, work experience, RFC, and testimony of the vocational expert (VE), the ALJ found Plaintiff not disabled. (Tr. 30).

Plaintiff appealed and argued that the ALJ erred by giving little weight to the medical source statement prepared by Dr. Arango, who Plaintiff contends should have been considered as a treating physician. The Magistrate Judge disagreed and recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be affirmed.

Plaintiff contends that the ALJ in fact treated Dr. Arango as a treating physician and that his rejection of Dr. Arango's opinion is not supported by substantial evidence. An ALJ must "state with particularity the weight given to different medical opinions, and the reasons therefore." *Winschel*, 631 F.3d at 1179. The opinion of a treating physician "must be given substantial or considerable

3

weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) ("[A]bsent 'good cause,' the opinion of a claimant's treating physician must be accorded 'substantial' weight.").

" '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240–41).

The ALJ, however, need not defer to the opinion of a physician who conducted a single examination because that physician is not a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (explaining that one-time examiners they are not treating physicians). *See also*, *Coheley v. Soc. Sec. Administration*, 16-17523, 2017 WL 3912492, at *3 (11th Cir. Sept. 7, 2017) (stating that a physician who examined the claimant only twice, was no treating physician; and his opinion was unentitled to deference by the ALJ).

The record establishes that Dr. Arango examined Plaintiff on April 10, 2015 for an orthopedic consultation. (Tr. 247-250). Plaintiff contends that "[t]he record is not clear" as to whether Dr. Arango saw Plaintiff once or twice, citing the Physical Residual Capacity Questionnaire (medical source statement) completed by Dr. Arango on September 27, 2015 (Tr. 254-259). Plaintiff concedes, however, that there are no treatment notes from a second visit in the record.[1] And, the ALJ stated that he considered Dr. Arango's opinion and afforded it little weight, given that Dr. Arango's

---

[1] Additionally, as the Magistrate Judge notes, Dr. Arango indicates in this medical source opinion that a second visit took place on August 22, 2015 (Tr. 255), but there is also no record of this visit. (Dkt. 20 at 7 n.3).

4

assessment of Plaintiff's limitations "was based on one or two visits, which is not enough to establish a longitudinal history of treatment with the claimant." (Tr. 27). This language does not clearly indicate that the ALJ considered Dr. Arango to be a treating physician. To the contrary, it demonstrates that he did not consider Dr. Arango to be a treating physician, correctly so, and therefore he was not required to afford Dr. Arango's opinion any deference. *See Coheley*, 2017 WL 3912492 at *3. I therefore conclude, as the Magistrate Judge did, that the ALJ's decision to give little weight to Dr. Arango's opinion was not error and is supported by substantial evidence.

IV. **CONCLUSION**

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation (Dkt. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review, except as noted.

3. The decision of the Defendant Commissioner is **AFFIRMED**.

4. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

5. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 14th day of March, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record